TOLEDO, ST. LOUIS & KANSAS CITY RAILROAD COM-
PANY
V.
MARIA OSWALD.

*Railroads—Negligence—Sparks—Destruction of Elevator—Evidence —
Instructions—Right of Way—Grass and Weeds.*

1. In an action brought to recover damages for the burning of an elevator through sparks escaping from a locomotive, it is proper to admit, upon the part of the plaintiff, evidence going to show that as an inducement to rebuild the same, the defendant company offered to haul lumber for such purpose at one-half the usual rate.

2. It is only in a case where, giving the plaintiff the benefit of every fact the evidence on his behalf proves or tends to prove, no right to recover is shown, that an instruction to find for the defendant is proper.

[Opinion filed January 15, 1892.]

APPEAL from the Circuit Court of Madison County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. H. A. NEAL and E. B. GLASS, for appellant.

Messrs. DALE, BRADSHAW & TERRY, for appellee.

GREEN, P. J.    This suit was brought by appellee to recover

damages for the burning of a grain elevator by sparks and fire emitted from defendant's locomotive engine. The jury by their verdict assessed plaintiff's damages at $600, for which sum the court entered judgment against defendant, and defendant took this appeal.

The only questions of law presented on behalf of appellant arise upon the ruling of the trial court in giving an instruction for plaintiff, in refusing to instruct the jury to find for defendant, and admitting evidence on behalf of plaintiff to show that defendant company offered to haul lumber for building elevator at half rates, as an inducement to erect it on the site it occupied when set on fire. We perceive no serious objection to this testimony; it tended to show that defendant company, as well as plaintiff, regarded the place selected as reasonably suitable and safe. The court did not err in refusing to instruct the jury to find for defendant, but on the contrary, in view of all the evidence, such an instruction would have been wholly unwarranted. It is only in a case where, giving the plaintiff the benefit of every fact the evidence on his behalf proves or tends to prove, no right to recover is shown, that such an instruction is proper. Nor did the court err in giving, on behalf of plaintiff, the instruction objected to.

It is quite evident counsel for appellant do not rely upon these alleged errors as sufficient ground for reversal, and in their printed argument it is said, the main ground upon which a reversal of this judgment is asked is, "that the verdict of the jury was contrary to the evidence;" and it is also asserted in the argument, that there was absolutely no evidence upon which to base a verdict in this case. This is not the conclusion reached by us after examining the record. If the jury believed the testimony of plaintiff's witnesses, it furnished ample proof that dry grass and weeds did remain on defendant's right of way, contiguous to the elevator; that the weather had been continuously dry and hot for a long time prior to, and at the time of, the fire; that there had been no fire in or about the elevator during at least one month before it was burned, and it was locked up at the time of the fire;

that about 9 o'clock of the night of July 21, 1890, defendant's engine, attached to a freight train behind time, passed plaintiff's elevator, and within a few feet of it, and a great quantity of sparks were thrown from the smoke stack, the wind then blowing from the engine toward the elevator, and two witnesses testified the fire appeared to have started at southeast corner of the building, where grass and weeds were thickest on the right of way.

On the same night, between 10 and 11 o'clock, the elevator was discovered to be burning and was entirely consumed by 2 o'clock in the morning. The foregoing facts would justify the finding, no other cause appearing, that sparks from defendant's engine set fire to grass and weeds, negligently permitted to remain on defendant's right of way; that this fire spread and was communicated to plaintiff's elevator and destroyed it, and hence defendant's negligence as charged in the declaration, caused the injury and resulting damage to plaintiff. If it be conceded there was a conflict of evidence touching these material facts, it was the province of the jury to settle it, and this they did in favor of the plaintiff. We decline to disturb the verdict, and the judgment is affirmed.

*Judgment affirmed.*